IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ETHEL ANTONIO PAGE, #149908                                        PLAINTIFF

VERSUS                                CIVIL ACTION NO. 3:15-cv-392-DPJ-FKB

KATIE DICKERSON-CLAY, EAST MISSISSIPPI
STATE HOSPITAL, JESSICA MASSEY
and WEEMS MENTAL HEALTH CENTER                           DEFENDANTS

<u>ORDER OF DISMISSAL</u>

This cause is before the Court, sua sponte, for consideration of dismissal.  Plaintiff

Ethel Antonio Page, an inmate of the Mississippi Department of Corrections (MDOC), brings

this pro se Complaint pursuant to 42 U.S.C. § 1983.[1]  The named Defendants are Katie

Dickerson-Clay, attorney-at-law; East Mississippi State Hospital; Jessica Massey, attorney-

at-law; and Weems Mental Health Center.  The Court, having liberally construed Plaintiff's

Complaint [1] and Response [8], in consideration with the applicable law, finds that this case

should be dismissed.

I.        Background

Page is currently serving a term of imprisonment for a conviction of attempted rape

entered by the Lauderdale County Circuit Court.  Defendants Dickerson-Clay and Massey

served as court-appointed defense attorneys for Page's criminal proceedings.  Page claims

that he was provided ineffective assistance of counsel, resulting in his unlawful incarceration.

Page also complains that East Mississippi State Hospital and Weems Mental Health Center

---

[1]Page was granted permission to proceed *in forma pauperis* in this case.  *See* Order [9].

released him prematurely and that he was "put on medication and release[d] so he could be arrested."  Compl. [1] at 7.

As relief in this action, Page initially asked the Court to vacate his conviction and release him from incarceration.  After the Court entered an Order [7] advising Page that release from incarceration is not available in a § 1983 suit, Page filed a Response stating that he "amends his complaint to seek only damages by defendants in this civil action."  Resp. [8] at 1.[2]

## II.    Discussion

The Prison Litigation Reform Act, 28 U.S.C. § 1915 (e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Court has permitted Page to proceed *in forma pauperis* in this action, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

As explained below, Page cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.  The East Mississippi Hospital and the Weems Mental Health Center are not amenable to suit, and Page fails to establish that Dickerson-Clay and Massey

---

[2] In this Response Page also states that he severs his habeas claims from this § 1983 action and he filed a separate petition for habeas relief under 28 U.S.C. § 2254, that is currently proceeding in this Court.  *See Page v. Hogans*, Civ. Action No. 3:15-cv-597-CWR-FKB (S.D. Miss.).

are state actors for § 1983 purposes.  Furthermore, Page's claims for monetary damages that necessarily imply the invalidity of his current imprisonment are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A.     Defendants Dickerson-Clay and Massey

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Thus, for Defendants Dickerson-Clay and Massey to be liable under § 1983, they must have acted under color of state law, meaning they must have "exercised power possessed by virtue of state law and made possible only because [they are] clothed with authority of state law."  *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Page's pleadings indicate that Defendants Dickerson-Clay and Massey represented Page in his criminal proceedings in the Lauderdale County Circuit Court.  An attorney, including court-appointed counsel, "does not act under color of state law when she 'perform[s] a lawyer's traditional functions' as defense counsel in a criminal proceeding." *Hernandez-Hernandez v. Fagerberg*, 392 F. App'x 271, 272 (5th Cir. 2010) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).  This is because court-appointed defense counsel "is not acting on behalf of the State; [she] is the State's adversary."  *West*, 487 U.S. at 48 (citations omitted).

Page's allegations against Defendant Dickerson-Clay and Defendant Massey are based on the traditional functions of an attorney in a criminal proceeding.  The Court finds that Defendants Dickerson-Clay and Massey did not act under color of state law when they acted as defense counsel for Page.  Therefore, Page fails to state a cognizable claim for § 1983 relief against these Defendants.  *See Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003) (finding district court properly determined inmate's claim against court-appointed defense counsel failed to state a claim under § 1983).

B.      Defendants East Mississippi State Hospital and Weems Mental Health Center

The East Mississippi State Hospital and the Weems Mental Health Center are subdivisions of the State of Mississippi.[3]  A suit against either of these entities is a suit against the State of Mississippi.  But the State of Mississippi is not "amenable to suit under 42 U.S.C. § 1983" because it is not considered a "person" within the meaning of the statute. *Scott v. Miss. Dep't of Corr.*, Civ. Action No. 2:05-cv-2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Therefore, Page cannot maintain this § 1983 action against the East Mississippi State Hospital or the Weems Mental Health Center.

---

[3] *See Moody v. East Miss. State Hosp.*, Civ. Action No. 4:08-cv-48-DPJ-FKB, 2010 WL 3359549, at *6 (S.D. Miss. Aug. 23, 2010) (finding East Mississippi State Hospital is an arm of the State) and www.weemsmh.com/default/index.cfm/locations ("Weems is a non-profit organization that is a non-political subdivision of the State of Mississippi.").

C.     *Heck v. Humphrey*

Page's § 1983 claims regarding the validity of his criminal conviction are also subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, where a § 1983 claim for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction.  *Id*. at 487; *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Page's favor and determine that his criminal conviction is unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment.  Page fails to demonstrate that his criminal conviction has been invalidated by any of the means set forth in *Heck*.  Therefore, Page's claims for monetary damages that necessarily imply the invalidity of his imprisonment are barred by *Heck v. Humphrey*.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims dismissed under *Heck* are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

Thus, Page cannot maintain this civil action under 42 U.S.C. § 1983.  And to the extent his complaint could be liberally construed to include state-law claims, the Court declines to exercise supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction").  All possible state-law claims are dismissed without prejudice.

III.     Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).  Any state-law claims asserted in this civil action are dismissed without prejudice.

A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE